NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000155
31-OCT-2014
09:47 AM**

NO. CAAP-13-0000155

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JIMMY ROBINSON, JR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1014)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Jimmy Robinson, Jr., (Robinson) appeals from the Judgment of Conviction for Robbery in the First Degree in violation of Hawaii Revised Statutes (HRS) § 708-840 (Supp. 2012) entered by the Circuit Court of the First Circuit (Circuit Court) on November 28, 2012.[1]

On appeal, Robinson argues that the Circuit Court erred because:  (1) it did not properly instruct the jury; (2) it did not grant Robinson's motion for judgment of acquittal; and (3) it did not sentence Robinson as a young adult defendant.[2]

---

[1]    The Honorable Karen S.S. Ahn presided.

[2]    Robinson's Opening Brief fails to conform to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28. Specifically, within his Statement of the Points of Error Robinson fails to state where in the record the alleged errors occurred and where these errors were brought to the attention of the court. See HRAP Rule 28(b)(4).

Further, Robinson's Opening Brief also fails to adequately argue his second and third asserted points of error. A party is required to present argument "with citations to the authorities, statutes and parts of the record relied on." HRAP 28(b)(7). Robinson fails to substantiate his second asserted point of error with any references to the record on appeal. Robinson fails to substantiate his third asserted point of error with references to specific instances of the court's alleged abuse within the record on appeal.
(continued...)

Based on a careful review of the points raised and the arguments made by the parties, the record, and the applicable authority, we resolve Robinson's points on appeal as follows and affirm.

1. Robinson argues that the Circuit Court's jury instructions were prejudicial to the extent that (1) the Circuit Court did not specifically instruct the jury that returning a guilty verdict for the crime of Robbery in the First Degree under a theory of accomplice liability requires that the prosecution prove beyond a reasonable doubt that Robinson knew that Nofoa possessed a gun; and (2) the Circuit Court did not adequately explain the lesser included charge of Theft in the Fourth Degree because it did not tell the jury to consider the lesser included charge if the jury found that Robinson did not possess a weapon.

a. The jury instruction for Robbery in the First Degree was not erroneous or insufficient.

> When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial. However, error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is a reasonable possibility that error might have contributed to conviction. If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

State v. Pond, 118 Hawai'i 452, 461-62, 193 P.3d 368, 377-78 (2008) (quoting State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006)) (brackets omitted). The jury was instructed,

---

[2] (...continued)
Robinson's third asserted point of error makes only conclusory assertions accompanied by broad statements of law.

However, in light of this court's preference for deciding cases on the merits, In re Blaisdell, 125 Hawai'i 44, 51, 252 P.3d 63, 70 (2011) (noting the Hawaii Supreme Court's consistent "policy of affording litigants the opportunity to have their cases heard on the merits, where possible."), we consider Robinson's points of error despite these deficiencies.

*inter alia*, that it must take all the instructions as a whole and to consider each in light of the others and must separately consider the evidence applicable to each defendant. The jury was also given the definition of the intentional state of mind; was instructed on the elements of the sole charged offense of Robbery in the First Degree, which required *inter alia* findings by the jury that Robinson possessed a weapon in the course of a theft and that Robinson used that weapon to threaten Saronitman; and was instructed that, to find Robinson guilty as an accomplice, the jury must find "with the intent to promote or facilitate the commission of the offense, he . . . [a]id[ed] or agree[d] or attempt[ed] to aid the other person in the planning or commission of the offense[.]" Taken together, these instructions sufficiently apprised the jury that they could find Robinson guilty of Robbery in the First Degree *if* they found he aided another person in the planning or commission of that offense, which was defined as committing a theft while in possession of a dangerous weapon.

b. The jury instruction on Theft in the Fourth Degree was not erroneous or insufficient. Robinson argues that the instruction was insufficient because the court did not tell the jury to consider this lesser included offense if the jury found that Robinson did not possess a weapon. Robinson argues that a "simple interrogatory could have been placed or more aptly explained . . . the lesser included [charge]." However, the instruction clearly noted that the lesser included offense of Theft in the Fourth Degree was to be considered "if, and only if" the jury found Robinson "not guilty of Robbery in the First Degree" or if the jury was "unable to reach a unanimous verdict[.]" Robinson presents no authority for the proposition that, in addition to an instruction telling the jury it must find all elements of the charged offense before entering a guilty verdict on that offense, the jury must also be instructed that if it does not find a particular element of that charged offense occurred, it should consider the lesser offense.

Robinson's first point of error is without merit.

2.   Robinson argues that the Circuit Court erred when it denied his August 2, 2012 motion for judgment of acquittal because "there was an insufficient basis for the jury finding guilt of robbery" because "there was no evidence of Robinson having used a firearm in the commission of the offense." Robinson has waived review of his motion for judgment of acquittal at the end of the State's case-in-chief as he presented evidence in his own defense and did not renew his motion thereafter.  State v. Elliston, 118 Hawai'i 319, 188 P.3d 833, No. 28453 2008 WL 2781017 at *1 (App. July 18, 2008) (SDO) (citing State v. Rodrigues, 6 Haw. App. 580, 580, 733 P.2d 1222, 1222 (1987)).

However, we will review the evidence presented at trial for sufficiency.  Considering the evidence in the light most favorable to the State, State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), it is clear that substantial evidence supporting the verdict was adduced at trial.  The testimony of the State's witnesses, in addition to the video evidence, was "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion" that co-defendant Jacob Nofoa's use of a firearm to intercept the convenience store's cashier in her attempt to stop Robinson and co-defendant Upu Vai from leaving the store with the unpaid-for beer had been contemplated by defendants.  Richie, 88 Hawai'i at 33, 960 P.2d at 1241.  Among other things, the surveillance video shows that while interacting with Robinson in the store, Nofoa is holding an object under his shirt (subsequently revealed to be a gun), which Nofoa later pulls out and points at the cashier, just as Robinson and Vai are quickly walking past him carrying cases of beer on their way out of the store.  The jury, as the trier of fact, was free to take the circumstances leading up to the robbery and the manner in which the individuals conducted themselves as circumstantially establishing that Robinson knew the firearm would be used during

the robbery and to reject Robinson's testimony denying that he had such knowledge.

Robinson's second asserted point of error is without merit.

3. The Circuit Court did not abuse its discretion by declining to sentence Robinson as a "Young Adult Defendant." HRS § 706-667 (Supp. 2013) provides that a "young adult defendant" may be sentenced to eight years rather than twenty years of incarceration for a class A felony such as Robbery in the First Degree, if "the court is of the opinion that such special term is adequate for the young adult defendant's correction and rehabilitation and will not jeopardize the protection of the public." Id. At the time of the commission of the robbery, Robinson was less than twenty-two years old and therefore was eligible as a young adult defendant.

The Circuit Court, however, was not required to treat Robinson as a young adult defendant. While "[a] sentencing court must consider all sentencing options[ and] the trial court would be well advised to state clearly on the record that the alternative sentencing options were considered[,]" State v. Hussein, 122 Hawai'i 495, 500-01, 229 P.3d 313, 318-19 (2010) (citations, internal quotation marks, and brackets omitted), "[t]he authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed." State v. Davia, 87 Hawai'i 249, 253, 953 P.2d 1347, 1351 (1998) (citations and internal quotation marks omitted). "Generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Keawe v. State, 79 Hawai'i 281, 284, 901 P.2d 481, 484 (1995) (citations and internal quotation marks omitted).

The Circuit Court explained on the record its reasoning for denying young adult defendant sentencing treatment to Robinson: Robinson was previously arrested for attempted murder in the second degree but pled to a reduced charge of assault in

5

the third degree; was "given ten months and restitution of over $7,000" because he "failed to report[,]" and had a number of outstanding alleged violations with OCCC through March 2011. On this record, we cannot conclude that the Circuit Court abused its discretion.

Based upon the foregoing, the November 28, 2012 Judgment of Conviction entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 31, 2014.

On the briefs:

Richard D. Gronna,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6